```
UNITED STATES DISTRICT COURT                                              C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
STEVEN W. POPE,                                             :
                                                            :
                         Plaintiff,                         :
                                                            :     **MEMORANDUM**
            - against -                                     :     **DECISION AND ORDER**
                                                            :
THE GEO GROUP, UNITED STATES                                :     18-cv-6900 (BMC) (LB)
MARSHALS SERVICE, AMERICAN MOBILE                           :
DENTAL, DR. ROBERT RICKTER, DR.                             :
SAHID MOHAMMED, and MEDICAL STAFF                           :
AT GEO FACILITY,                                            :
                                                            :
                         Defendants.                        :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se* brought this action in connection with medical care he received while incarcerated at the Queens Private Detention Facility, a privately-run facility that is operated by defendant The GEO Group (the "GEO Facility") under contract with the Bureau of Prisons. Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons stated below, his complaint is dismissed.

## BACKGROUND

The following allegations are from plaintiff's complaint. While detained at the GEO Facility as a pretrial detainee, plaintiff allegedly complained about tooth pain for over a year and was treated with antibiotics. The United States Marshals Service then allegedly put him on a list for outside treatment by an oral surgeon.

While plaintiff waited, one of his teeth allegedly cracked to the root and was hanging in his mouth for about three weeks. Dentist Robert Rickter of American Mobile Dental attempted to extract the cracked tooth, but cut his finger in plaintiff's mouth, exposing plaintiff to the

dentist's bodily fluids. Dr. Rickter stitched up plaintiff's wound, but allegedly left portions of the tooth inside plaintiff's gums. A United States Marshal and an otherwise unidentified person described as Officer Jeffiers allegedly witnessed this operation. Dr. Rickter also allegedly filed a false report about plaintiff's medical care.

Medical staff at the GEO Facility sent plaintiff to Jamaica Hospital, where an oral surgeon removed the cracked and infected tooth. Both the American Mobile Dental staff and the medical staff at the GEO Facility failed to inform Jamaica Hospital of plaintiff's exposure to Dr. Rickter's bodily fluids until plaintiff's wife called the facility. Plaintiff was sent back to the hospital, whose staff prescribed 30 days of medication. Dr. Sahid Mohammed, who appears to work at the GEO Facility, provided only 21 days of medication.

Plaintiff brings claims against The GEO Group, the United States Marshals Service, American Mobile Dental, Dr. Robert Rickter, the medical staff at the GEO Facility, and Dr. Sahid Mohammed for violation of his federal constitutional rights and seeks $30 million in damages.

## DISCUSSION

### A. Standard of Review

In reviewing the complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action "is frivolous when either: (1) the factual

contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

### B. Claims Against The GEO Group and Its Employees

"Where a government official's act causing injury to life, liberty, or property is merely negligent, no procedure for compensation is *constitutionally* required." Daniels v. Williams, 474 U.S. 327, 333 (1986) (internal quotation marks omitted). Accordingly, a "claim for negligence or medical malpractice is a state claim and is neither created by federal law nor necessarily depends on the resolution of a substantial question of federal law." Obunugafor v. Borchert, No. 01-cv-3125, 2001 WL 1255929, at *2 (S.D.N.Y. Oct. 19, 2001).

The Eighth Amendment's proscription of cruel and unusual punishment does not apply when "there had been no formal adjudication of guilt against [a prisoner] at the time he required medical care." City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 244 (1983) (internal quotation marks omitted). Instead, the Due Process Clause of the Fifth Amendment applies to pretrial detainees in federal custody. Nevertheless, there is "no reason why the [Eighth Amendment deliberate indifference] analysis should be different under the Due Process Clause of the Fifth Amendment." Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000).

Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), permits recovery for some constitutional violations by federal agents. But Bivens does not provide a remedy where "a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law." Minneci v. Pollard, 565 U.S. 118, 131 (2012). In

light of the parallel between claims under the Fifth Amendment and the Eighth Amendment, Minneci also bars "a *Bivens* claim against a privately employed individual for the inadequate provision of medical care in violation of the Fifth Amendment." Rodriguez v. New York Downtown Hosp., No. 14-cv-5958, 2015 WL 5244680, at *5 (E.D.N.Y. Sept. 8, 2015); see also La Ford v. Geo Group, Inc., No. 13-cv-1978, 2013 WL 2249253, at *3 (E.D.N.Y. May 22, 2013).

The Supreme Court also declined to extend Bivens "to allow recovery against a private corporation operating a halfway house under contract with the Bureau of Prisons." Correctional Services Corp. v. Malesko, 534 U.S. 61, 61 (2001). The Supreme Court reasoned that Bivens is only meant to deter individual officers from committing constitutional violations and that state tort law typically provides adequate remedies for a plaintiff injured by a private correctional facility. Id. at 70–73.

Here, because plaintiff is a pretrial detainee, his complaint may be liberally construed to attempt to bring Bivens claims under the Due Process Clause of the Fifth Amendment against The GEO Group, the medical staff at the GEO Facility, and Dr. Sahid Mohammed. But because New York state medical malpractice law provides adequate remedies for plaintiff, he has no viable constitutional claims.

### C. Claims Against the United States Marshals Service

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Accordingly, a Bivens claim "must be brought against the individual officials responsible for the alleged deprivations of rights, not against the" United States Marshals Service. Razzoli v. Executive Office of U.S. Marshals, No. 10–cv–4269, 2010 WL 5051083, at *3 (E.D.N.Y. Dec. 2, 2010).

4

The Federal Tort Claims Act waives sovereign immunity and permits some suits for damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). But before bringing a Federal Tort Claims Act claim, a claimant must first exhaust his administrative remedies by presenting a claim with the appropriate federal agency. See 28 U.S.C. § 2675(a); Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005).

"The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements. In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." Davis v. Goldstein, 563 F. App'x 800, 802 (2d Cir. 2014) (internal citations and quotation marks omitted). Accordingly, even if a *pro se* "plaintiff's complaint can be liberally construed to state a claim under the FTCA … the court does not have subject matter jurisdiction over" the FTCA claim if "plaintiff has neither pleaded that he filed an administrative claim within two years of the incident giving rise to the action, nor that he exhausted an administrative tort claim prior to initiating the instant action." Diaz v. MDC Detention Center, No. 17-cv-3768, 2018 WL 472810, at *2 (E.D.N.Y. Jan. 17, 2018).

To the extent plaintiff attempts to bring a Bivens claim against the United States Marshals Service, this claim is dismissed because the United States Marshals Service is not a proper defendant. And to the extent plaintiff attempts to bring a Federal Tort Claims Act claim against the United States, this claim is dismissed because the complaint fails to allege any facts showing that plaintiff has exhausted his administrative remedies.

### D.     Claims Against American Mobile Dental and Dr. Robert Rickter

In light of Minneci v. Pollard, 565 U.S.118 (2012), Bivens claims "against a privately employed individual for the inadequate provision of medical care in violation of the Fifth Amendment" are barred. Rodriguez v. New York Downtown Hosp., No. 14-cv-5958, 2015 WL 5244680, at *5 (S.D.N.Y. Sept. 8, 2015).  And in light of Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001), Bivens claims against private entities that provide medical services for pretrial detainees under federal custody are barred, even if these entities are under contract with the Bureau of Prisons.  Rodriguez, 2015 WL 5244680, at *4-5.

Therefore, to the extent plaintiff attempts to bring Bivens claims against American Mobile Dental and Dr. Rickter, who are private actors, these claims are dismissed.

### CONCLUSION

The complaint is dismissed without prejudice to commencing an action for medical malpractice in state court.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
          January 2, 2019